L. G. Patterson *v*. M. G. Tate, Sheriff, et al.
Lewis Barnwell *v*. Same.

(*Jackson*, April Term, 1919.)

1. **EQUITY. Waiver of demurrers.**

Defendants' demurrers to the bills, relied on in their answers, not
   having been called up or disposed of at the hearing, must be
   treated as waived. (*Post, pp.* 611-613.)

2. **EXECUTORS AND ADMINISTRATORS. Liability of sureties. Statute.**

At common law and under Shannon's Code 1917, section 1095, where
   sureties sign the bond of an executor or administrator in its blank
   printed form before it has been filled in, they are estopped to
   deny their liability for money received on the faith of the bond.
   (*Post, pp.* 613, 614.)

Cases cited and approved: McLean v. State, 55 Tenn., 22; Galbraith
   v. State, 78 Tenn., 574;   State v. Polk, 82 Tenn., 6;   Stevens v.
   Green County Iron Co., 58 Tenn., 71;   Upton v. Philips, 58 Tenn.,
   224.

Code cited and construed: Secs. 1095, 1097 (S.).

3. **EXECUTORS AND ADMNISTRATORS. Payment of moneys into
   court. Notice to sureties.**

Under Shannon's Code 1917, section 4043, the probate court was au-
   thorized to require an administrator to pay into the office of the
   clerk the balance found to be due the estates of his intestates,
   and on his failure, and the clerk's motion, was authorized to award
   execution against the administrator and his sureties for the amount
   of the balance without any notice of the motion to the sureties;
   such notice having been given the administrator.   (*Post, pp.* 614,
   615.)

Code cited and construed:  Sec. 4043 (S.).

4. **EXECUTORS AND ADMINISTRATORS. Settlement for wrongful
   death as part of estate. Liability of sureties.**

Fund received by administrator of children killed by a railroad in

settlement of claims against the road for the wrongful killing of the children constituted part of their estates, and the sureties of the administrator could be held liable for the same under the bond. (*Post, pp.* 615, 616.)

Case cited and approved: Glass v. Howell, 70 Tenn., 50.

5. **INJUNCTION.** Bond. Additional bond.

In suit by the sureties of an administrator to enjoin sale of their property on execution to satisfy an order to pay into the probate court an amount for which the administrator had defaulted, where the original injunction bonds were not in proper form, but conditioned only to pay costs and damages, and were insufficient to cover the amount of the judgment and interest, the chancellor properly required the sureties to execute an additional injunction bond on the hearing of the cases, and before they had been disposed of. (*Post, pp.* 616, 617.)

6. **EQUITY.** Cross-bill. Protection of cross-complainants by bond.

In suit by sureties on the bond of an administrator of children killed by a railroad to enjoin sale of their property on execution to satisfy an order of the probate court requiring them to pay into court the amount of a settlement made by the administrator with the railroad, the chancellor properly dismissed the crossbill of the mother and brother of the children killed asking decree for the amount shown to be due the estate of the deceased children; the interests of the mother and brother being protected by the injunction bond executed by the sureties. (*Post, p.* 617.)

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— HON. F. H. HEISKELL, Judge.

· B. F. Booth and T. H. Johnson, for complainants, Patterson and Barnwell.

Norman M. Byars, for defendants.

Mr. Justice Hall delivered the opinion of the Court.

Some time prior to August 8, 1910, Eddie and Clarence Gaines, two minor children of Katie Gaines, were killed by the Illinois Central Railroad Company in Shelby county, Tenn.

One Sam Carson qualified as the administrator of the estates of said two deceased children in the county court of said county on August 8, 1910, executing an administrator's bond, with L. G. Patterson and Louis Barnwell as sureties, in the sum of $4,500, and as such administrator received from the railroad company the sum of $2,000 in full settlement of claims against the railroad company growing out of the killing of his said intestates. He made his final settlement with the clerk of the probate court of Shelby county on November 14, 1912, which showed a balance due the estates of said decedents amounting to the sum of $1,303.59.

On October 28, 1913, an order was made by the court directing the administrator to pay the sum due from him to said estates into court. Carson having failed to comply with this order, on motion of the clerk, of which Carson was given proper and legal notice, an execution was ordered to issue, against said administrator and his sureties on his administrator's bond for the balance adjudged to be due said estates. An execution was issued in accordance with said order, and was levied on certain real estate belonging to L. G. Patterson, and

141 Tenn.—39

certain personal property belonging to Louis Barnwell, both sureties on the bond of the administrator, as heretofore stated, to satisfy the balance adjudged to be due said estates from said administrator.

Thereupon Patterson and Barnwell filed separate bills in the chancery court of Shelby county against M. G. Tate, sheriff of said county, and John C. McLemore, clerk of the probate court of said county, the Solvent Savings Bank & Trust Company, and Katie Gaines, mother of said Eddie and Clarence Gaines, seeking to enjoin the sale of their respective properties by the sheriff under said execution, and to enjoin the issuance of further executions in the future having for their purpose the collection of said balance adjudged to be due the estates of said decedents by the probate court.

The bills alleged, among other things, that the bond executed by Carson as such administrator was void in so far as complainants were concerned for the reason that at the time it was presented to them by Carson for their signatures as sureties it had not been filled out and was merely a blank printed form of an administrator's bond, and that they signed the same without the blanks being filled in with respect to names and amounts, and it was subsequently filled out by Carson or his attorney and delivered to the clerk of the probate court of Shelby county without complainants having ratified or approved the same.

It was further alleged in said bills that the order or decree of the probate court was void as to complainants, because the court was without jurisdiction to make the same, no notice having first been issued and served upon complainants of the motion against said administrator

and complainants, as his sureties, citing them to appear and show cause why such order or decree should not be rendered against him.

These bills were demurred to by the defendants, and the demurrers were overruled by the court with leave to the defendants to rely on same in their answers and at the hearing.

Thereupon the defendants filed answers relying upon said demurrers therein, but, the demurrers not having been called up or disposed of at the hearing, they must be treated as waived. The answers of defendants denied the allegations of the bills as to the invalidity of the administrator's bond, and the want of the jurisdiction in the probate court to make said order or decree against the administrator for the alleged balance due the estates of his intestates, and also the allegations of said bills that the probate court was without jurisdiction to order an execution against complainants, as sureties of said administrator, for the balance due from said administrator.

The defendant Katie Gaines, in her own right, and on behalf of her minor child, James Gaines, filed a cross-bill, seeking a decree on said administrator's bond in behalf of herself and said minor for the balance alleged to be due, which amount the cross-bill alleged that she and her minor child were entitled to recover of the administrator and his sureties as the heirs and next of kin of the two decedents, Eddie and Clarence Gaines.

Demurrers were interposed to the cross-bill filed by Katie Gaines by the cross-defendants, Patterson and Barnwell, which demurrers were overruled by the chancellor with leave to said cross-defendants to rely on

same in their answer and at the hearing, which was done, but said demurrers were never called up, and the action of the chancellor invoked upon them. They will, therefore, also be treated as waived.

Cross-defendants, Patterson and Barnwell, in their answers to said cross-bill interposed the plea of the statute of limitation of six years in bar of their liability on said bond. They also interposed a plea of *non est factum* by which they challenged the validity of said bond upon the same ground alleged in their original bills. The answers further averred that the fund collected by Carson as administrator from the railroad company constituted no part of the estates of his intestates, and that the sureties on his administrator's bond were not liable for such fund.

The two causes were consolidated in the court below. Proof was taken, and upon final hearing the chancellor held that the decree for $1,303.59 rendered by the probate court against the administrator and his sureties on his bond was a valid decree, and that the execution issued by said court was properly awarded. He therefore dismissed the complainants' bills, and rendered a decree against them and their sureties upon their injunction bonds for the amount of said decree, interest and costs. He dismissed the cross-bill of cross-complainants, Katie Gaines, filed in her own right and on behalf of her minor child, James Gaines, and taxed her with the costs incident to the filing of same, which costs he ordered paid out of money coming into the hands of the clerk and master belonging to said cross-complainant.

From this decree both the complainants in the original bills and the cross-complainant, Katie Gaines, appealed

to the court of civil appeals, where the decree of the chancellor was in all things affirmed, and said causes are now in this court upon petitions filed for writ of *certiorari* by both the complainants in the original bills and cross-complainant, Katie Gaines.

The complainants in the original bills insist that the court of civil appeals erred in not holding that the bond executed by Sam Carson, administrator, with complainants as sureties, was void as to them, because the same was signed by them in its blank printed form, and did not constitute a valid and binding obligation upon them as sureties.

It is provided by section 1095 of Shannon's Code (Ann.) 1917 as follows:

"So, also, if any officer or other person, as hereinafter provided, who is required by law or in the course of judicial proceedings to give bond for the performance of an act or the discharge of duty, receives money or property upon the faith of such bond, he and his sureties are estopped to deny the validity of the bond or legality of the proceedings under which the money or property was obtained."

By section 1097 of the same Code it is provided that the provisions of the section above quoted: "apply to the bonds of executors, administrators, guardians, special commissioners, receivers, and others required by law or in the course of judicial proceedings to execute bonds for the performance of particular acts or the discharge of duty."

The section first quoted does nothing more than state the sound common-law principle, and is only an affirmance of the common-law principle of estoppel, that when

money has been received on the faith of the bond, the parties to its terms are estopped from denying their liability therefor. *McLean* v. *State,* 8 Heisk., 22, 255; *Galbraith* v. *State,* 10 Lea, 574; *State* v. *Polk,* 14 Lea, 6; *Stevens* v. *Green County Iron Co.,* 11 Heisk., 71, 78-80; *Upton* v. *Phillips,* 11 Heisk., 224.

It results, therefore, that complainants having signed said bond with full knowledge that it would be filled out in the matter of dates, amounts, etc., and would be delivered to the clerk of the probate court as the bond of the administrator, and that the administrator would receive the fund belonging to the estates of his intestates upon the faith of said bond, they must be held estopped from denying its validity in accordance with the provisions of the statutes and authorities hereinbefore cited.

It is next insisted by complainants that the court of civil appeals erred in not holding that the probate court of Shelby county was without jurisdiction to render a decree against complainants upon the motion of the clerk of said court, it appearing that no notice of said motion had been given them, and it being insisted that they were entitled to their day in court, and that any judgment or decree rendered against them without such notice is void.

By section 4031 of Shannon's Code (Ann.) 1917 it is provided that after the lapse of two years from the qualification of the executor or administrator the clerk of the county court shall take and state his accounts, and once every year thereafter till the administration is closed.

By section 4043, it is provided: "After the settlement of any administrator's or executor's account, the

county court shall compel the representative to pay into the office of the clerk the balance found against him, and may, on motion of the clerk or any distributee, after twenty days' notice to such representative, award summarily an execution against such representative and his sureties for the amount of said balance, as in case of a judgment at law; and when any specific thing is to be done, the county court shall compel the representative, by an order, to perform it, and by process of contempt in case of refusal.''

We are unable to find any case in which this section of the Code has been expressly construed. We think, however, that it is clear from the provisions of said section that notice only to the representative is required. The decree of the probate court recites that due and proper notice was given to the administrator in the cause under consideration, and there is no evidence to the contrary. We are of the opinion, therefore, that the court was clothed with authority, under the section of the Code above set out, to make the order requiring the administrator to pay the balance found to be due the estates of his intestates into the office of the clerk; and upon his failure to do so, and upon motion of the clerk, The court was authorized to award an execution against said administrator and the complainants, his sureties for the amount of said balance.

By the third assignment of error it is insisted that the court of civil appeals erred in not holding that the judgment against the administrator and complainants, as his sureties, was void, because the fund received by said administrator from the railroad company in settlement of claims against it for the wrongful killing of

the intestates of said administrator did not constitute any part of the estates of said intestates, and the sureties of the administrator could not, therefore, be held liable for the same.

We think this assignment of error is wholly without merit.

It was held in *Glass* v. *Howell,* 2 Lea, 50, that the sureties of an administrator who has actually collected damages sustained by his intestate by injuries resulting in his death are liable to the extent of the penalty of the administrator's bond for the amount thus collected, although the administrator was permitted by the next of kin to retain the money until certain debts of the intestate, for which the fund was not legally liable, were paid out of it; a credit being allowed for the debts thus paid.

It is next insisted that the court of civil appeals erred in affirming the action of the chancellor requiring the complainants Patterson and Barnwell to execute an additional injunction bond in the sum of $2,000 on the hearing of said causes, and before they had been finally disposed of.

We do not think so. It appears that the original injunction bonds given by complainants were not in proper form. They were not conditioned to pay the judgment, the collection of which the bills sought to enjoin in the event they were unsuccessful, but were conditioned only to pay costs and damages. Furthermore, it appeared that the original bonds were not sufficient to cover the amount of the judgment and interest. In view of these facts, we think it was entirely within the discretion of the chancellor to order the complainants

to give a new or additional injunction bond conditioned to pay the judgment, in the event their bills were not sustained.

We now come to the assignment of error filed by cross-complainant, Katie Gaines, which is to the effect that the chancellor erred in dismissing her cross-bill, and in not rendering a decree under said cross-bill in favor of her and her minor child for the amount shown by the decree of the probate court to be due the estates of Eddie and Clarence Gaines, her deceased children. This insistence is based upon the claim that cross-complainant and her minor child are the sole heirs at law of said two decedents, and are entitled to the proceeds of their estates.

We are of the opinion that there was no error in the decree of the chancellor dismissing said cross-bill, and that the court of civil appeals was correct in so holding. We think the filing of the cross-bill was unnecessary. The interests of the cross-complainant were fully protected by the injunction bond executed by the original complainants.

It results that the decree of the court of civil appeals will in all things be affirmed.