## M. M. RANSOM v. N. M. CARLISLE.

Middle Section. November 3, 1928.

No petition for Certiorari was filed.

No counsel marked for appellant.
True & Dorsey, of Springfield, for appellees.

FAW, P. J.  On May 17, 1928, M. M. Ransom and John B. Ransom & Company (the latter being a corporation), as appellees, filed an

abridged transcript of the record in this cause, made up by designation of counsel but purporting to be a full transcript of the technical record, for the purpose of obtaining an affirmance of the decree of the chancery court of Robertson county.

It appears from the record that, by the aforesaid decree of the chancery court, M. M. Ransom recovered a judgment against N. M. Carlisle, defendant and cross-complainant below, for the sum of $249.96, and John B. Ransom & Company recovered a judgment against N. M. Carlisle for the sum of $2162.35, and that the costs of the cause were adjudged against N. M. Carlisle.

It was also adjudged and decreed by the chancery court that M. M. Ransom, in his own right, is the owner of a certain house and lot in the town of Springfield, Tennessee (described in the record), in fee simple, and unincumbered by any claim or right thereto or therein of the said N. M. Carlisle.

N. M. Carlisle excepted to said decree and prayed and was granted an appeal to this court, which appeal he perfected in due season by filing the oath prescribed for poor persons in lieu of bond, pursuant to leave granted by the court in said decree.

The aforesaid decree of the chancery court was entered on November 15, 1926, but no transcript of the record was filed in this court until May 17, 1928, when it was filed by the appellees as before stated.

Immediately upon filing the transcript of the record as aforesaid, and on the same day, the appellees filed a sworn petition, in the nature of a bill of revivor, in which (after a recital of the history of the case and of the decree rendered in the chancery court) it is stated that the appellant N. M. Carlisle died intestate at his home in Springfield, Robertson county, Tennessee, in the month of December 1927, leaving seven children surviving him as his heirs at law, as follows: Walker Carlisle, Coleman Carlisle, Ray Carlisle, Mrs. Lola Bradley, Mrs. Lillie Pendley and Mary Carlisle, citizens of Robertson county, Tennessee, residing at Springfield, and Mrs. Connie Fowler, a nonresident of Tennessee and citizen of the State of Kentucky, residing at Mayfield; and that the said Mary Carlisle is a minor, about fifteen years of age, and has no regular guardian.

It is further alleged in said petition that, at the time of his death, appellant N. M. Carlisle had no property subject to administration or to the payment of his debts, and that no one has ever qualified as his administrator; that there has been no occasion for anyone to qualify as his administrator, as he left no estate subject to administration, and petitioners charge that no one can be found to, or who will, qualify as administrator of the estate of said N. M. Carlisle.

Petitioners further allege that "the said N. M. Carlisle prior to his death abandoned his said appeal to all intents and purposes."

Pursuant to the prayer of the petition, an order was made by this court and entered of record under the style of this cause on June 26, 1928, as follows:

"In the above entitled cause it appears to the court from the record herein and especially the sworn petition of appellees, M. M. Ransom and John B. Ransom & Company, that on November 15, 1926, in the above entitled cause the Chancery Court of Robertson county, Tennessee, rendered a decree in favor of the appellees, M. M. Ransom and John B. Ransom & Company, which was final, and from which the appellant, N. M. Carlisle, prayed an appeal to the Court of Civil Appeals of Tennessee and filed pauper's oath to perfect said appeal; that the appellant, N. M. Carlisle, died intestate at his home in Robertson county, Tennessee, in December, 1927, and that no administrator has qualified upon his estate; that the transcript of the record on said appeal was not filed in this cause during the life time of the appellant, and that a transcript of the record has lately been filed in this court by the appellees; that the said N. M. Carlisle left surviving him as his sole and only heirs at law Walker Carlisle, Coleman Carlisle, Ray Carlisle, Mrs. Lola Bradley, Mrs. Lillie Pendley and Mary Carlisle, citizens of Robertson county, Tennessee, and Mrs. Connie Fowler, a nonresident of the State of Tennessee and a citizen of the State of Kentucky.

"And on this date the appellees, through their solicitors, have moved the court for process to issue for said resident heirs at law of the said N. M. Carlisle and that publication be made according to law for said nonresident heir at law of the said N. M. Carlisle to the end that this suit may be revived against said heirs at law; and upon consideration of said motion it is ordered by the court that the clerk of this court will issue process of copy of the petition filed in this court by the appellees and subpoena to answer the same returnable to the first Monday in August, 1928, requiring said heirs at law to enter their appearance herein and make defense to said petition."

Scire facias was duly issued and served upon the resident heirs at law of N. M. Carlisle, as above named, and publication was duly made for the nonresident, Mrs. Connie Fowler. Upon the return of the scire facias showing due service thereof, a formal answer was filed by the minor, Mary Carlisle, through her guardian ad litem appointed by this court, Mr. Jno. D. Sprouse, in and by

which answer the rights and interests of the minor were submitted to the court, without any averments or expressions of opinion as to whether or not the petitioners are entitled to an affirmance of the decree of the chancery court.

Aside from the formal answer of the minor defendant, by guardian ad litem,. as aforesaid, the heirs at law of N. M. Carlisle have not offered, by answer to the scire facias or otherwise, to show cause why this suit should not be revived against them, and a proper order of revivor of the suit will be entered,—the appellees, through their solicitor of record, having appeared at the bar of the court on a former day of the present term and presented a motion for such order of revivor. See Shan. Code, sections 4571, 4575 and 4579; Bandy v. Walker, 3 Head, 568, 569; Foster v. Burem, 1 Heisk., 783; Brown v. Rocco & Co., 9 Heisk., 187. See also, Rules of the Court of Appeals (Rules 25 to 28 inclusive) in Appendix to 1 Tennessee Appeals Reports.

In this connection, it may be said that, in a chancery case, an appeal, when perfected, vacates the decree of the chancery court, and if a party dies pending the appeal, the suit, not the decree, may be revived in the appellate court. Maskall v. Maskall, 3 Sneed, 207, 210; Furber v. Carter, 2 Sneed 1, 3; McCormick v. Phillips, 140 Tenn., 268, 271, 204 S. W., 636.

A motion has also been made here, on behalf of appellees, for an affirmance of the decree of the chancery court. It was, as before stated, with this in view that appellees procured a transcript of the record to be filed in this court.

Practically from the beginning of the judicial history of this State it has been the rule that if the appellant fail to bring up the record on appeal, within the time provided by law, the appellee may bring it up and have an affirmance of the judgment or decree. Suggs v. Suggs, Executor, 1 Overton, 2; Nichols v. Colville, 1 Overton 81; Bustard v. Cheatham, 1 Overton 370; Craddick v. Pritchett, Peck, 22; Freeman v. Henderson, 5 Cold., 647; Spalding v. Kincaid, 1 Shan., 31; Cawthon v. Searcy, 12 Lea, 649; Pyett v. Hatfield, 15 Lea, 473; Laymance v. Laymance, 15 Lea, 476; State ex rel. v. Thomas, 111 Tenn., 384, 77 S. W., 667.

This practice seems to be based on the theory that the appellant, by his failure to have the record filed in the appellate court, has abandoned his appeal. Laymance v. Laymance, supra. The authorities very generally hold that an appellant may abandon his appeal. 4 Corpus Juris, p. 607; 2 Ency. of Pleading and Practice, p. 321, Note 6; 2 Standard Ency. of Procedure, p. 393.

There seems to be some uncertainty in our reported cases as to whether an appellant is entitled to a hearing on the merits when the

appellee files the record and moves for an affirmance because of the failure of the appellant to bring up the record in due season.

Under the earlier decisions before cited, an appellee was, in such case, entitled to an affirmance "as of course."

In Furber v. Carter, supra, the question was reserved, as to whether the appellant had the right to assign errors when the appellee brought up the record and moved for an affirmance.

We think the true rule is indicated in Cawthon v. Searcy, supra, where the court said: "The court may, upon good cause shown when the application is made, refuse an affirmance and place the case on the docket for trial." To be more explicit: We think the failure of the appellant to have the record brought up in due time is sufficient evidence that he has abandoned his appeal, and will justify an affirmance of the judgment on the appellee's motion, unless the appellant appear and show that the failure to file the record was due to causes over which he had no control and had occurred without culpable negligence on his part, and that he had no intention of abandoning his appeal. (Laymance v. Laymance, supra).

In the absence of a showing of such "good cause" by the appellant, the appellee who brings up a record, on appellant's failure to do so seasonably, is entitled to an affirmance as a matter of course. Such is the correct rule of practice which we think is deducible from the several opinions of our Supreme court touching the matter, and it is reinforced, in cases where the appellant filed no assignment of errors, by the published rules of this court and of the Supreme Court which provide, among other things, that "when appellants, or plaintiffs in error, fail or refuse to file an assignment of errors and brief, as required by this rule, it will be taken as an abandonment of the appeal or writ of error, and the decree or judgment affirmed." See Appendix to 1 Tenn. App. R., and 126 Tenn., p. 724.

The heirs of N. M. Carlisle, against whom the suit has been revived, took the case in the same plight and condition as it stood at the time of the death of their ancestor. (1 Tenn. Chy. R., 279, 281). They have filed no assignment of errors, and are not resisting the motion of appellees for an affirmance of the decree. It will, therefore, be assumed that they have abandoned the appeal, and the appellee's motion to affirm the decree of the chancery court is sustained. But the judgments rendered, and to be entered here, in favor of M. M. Ransom and John B. Ransom & Co., respectively, will not be rendered against the present defendants personally, but only as representatives of their deceased ancestor, N. M. Carlisle. Brown v. Rocco & Co., 9 Heisk., 187, 188.

It appearing from the record that the house and lot involved in this suit has been in the possession of a receiver appointed by the

chancery court in this cause, since March 13, 1923, the cause will be remanded to the Chancery Court of Robertson county for a settlement with and discharge of the receiver and the proper distribution of the funds in his hands, if any, under the orders and decrees of the chancery court.

The costs of the appeal will be adjudged against the present defendants against whom the suit has been revived, not personally, but as representatives of their deceased ancestor, N. M. Carlisle, and any execution awarded therefor will run accordingly. (9 Heisk., 188).

Crownover and DeWitt, JJ., concur.