## GRACE TURNER v. SOUTH PITTSBURG LUMBER & COAL COMPANY.

Middle Section. November 7, 1931.

Petition for Certiorari denied by Supreme Court, March 26, 1932.

E. M. Buchanan and F. L. Dixon, both of Chattanooga, for appellant.

A. A. Kelley, of Jasper, for appellee.

FAW, P. J. A decree, responsive to the pleadings, was made and entered in this cause on October 1, 1930, wherein and whereby it was adjudged that the defendant Grace Turner is indebted to the complainant, the South Pittsburg Lumber & Coal Company, in the sum of $271.74, the amount due for lumber and materials furnished defendant by complainant and used in the construction and repairing of a building situated on the property described in the pleadings and decree, and for interest thereon in the sum of $6.80, making in all a total of $278.54; that complainant has a mechanic's lien to secure said indebtedness upon the aforesaid property described in

the record, and that an attachment has been duly levied thereon, and complainant has the right to have said tract of land sold in satisfaction of said lien and in payment of said indebtedness, subject however to any indebtedness due Marion Trust & Banking Company.

The chancery court thereupon decreed that, if the aforesaid recovery be not paid and satisfied in thirty days from the entry of the decree, the Clerk and Master should, after advertising according to law, sell said real property in front of the court house door at Jasper, Tennessee, for cash, to the highest and best bidder, and in bar of the equity of redemption. The costs of the cause were adjudged against the defendant.

Grace Turner excepted to the foregoing decree and prayed an appeal to this court, which appeal was granted by the chancellor and the appellant was given thirty days' time in which to execute proper appeal bond and perfect an appeal. Within the time thus granted, viz: on October 25, 1930, appellant Grace Turner filed an appeal bond and thus perfected her appeal.

Notwithstanding the fact that appellant's appeal was perfected on October 25, 1930, and the transcript is a small one (eighty-two typewritten pages), the record was not filed in this court until September 5, 1931, when it was brought up and filed by the appellee, and along with the transcript the appellee filed a written motion as follows:

"Comes the appellee, the South Pittsburg Lumber & Coal Co., and moves the court that the decree appealed from in this cause be affirmed, and as grounds therefor shows the following:

"1. The appeal in this cause was prayed to the September term (1930), of this court, but appellant instructed the Clerk and Master to withhold indefinitely the filing of the transcript, so that same has not been filed and the term to which said appeal was prayed has now expired.

"In support of said motion, appellee brings herewith, as an exhibit to this motion, the transcript in said cause; and files same for affirmance of the decree below.

"Wherefore, appellee prays that said decree below be affirmed by this court."

On October 16, 1931, assignments of error, brief and written argument were filed on behalf of appellant, to which appellee has filed no reply brief, but, as we understand, is insisting upon its motion to affirm the decree; and we are of the opinion that appellee is entitled to an affirmance.

In the case of Ransom v. Carlisle, 8 Tenn. App., 448, 451, it was held by this court, upon a review of the published opinions of our Supreme Court on the subject, (1) that practically from the be-

ginning of the judicial history of this State it has been the rule that if the appellant failed to bring up the record on appeal within the time provided by law, the appellee may bring it up and have an affirmance of the judgment or decree; (2) that this practice is based on the theory that the appellant by his failure to have the record filed in the appellate court, has abandoned his appeal; (3) that the failure of the appellant to have the record brought up in due time is sufficient evidence that he has abandoned his appeal, and will justify an affirmance of the judgment on the appellee's motion, unless the appellant appear and show that the failure to file the record was due to causes over which he had no control, and had occurred without culpable negligence on his part, and that he had no intention of abandoning his appeal; and (4) that in the absence of a showing of such "good cause" by the appellant, the appellee who brings up a record on appellant's failure to do so seasonably, is entitled to an affirmance as a matter of course.

The appellant in the instant case has made no denial of the charge in appellee's motion that she (appellant) had "instructed the Clerk and Master to withhold indefinitely the filing of the transcript;" and appellant has not shown, or offered to show, that the failure to file the record here was due to causes over which she had no control, and had occurred without culpable negligence on her part. In the absence of such showing the appellee is entitled to an affirmance of the decree. Ransom v. Carlisle, supra, p. 452.

It was stated by appellant's counsel at the bar that appellant had filed the record for writ of error—using for that purpose the same transcript theretofore filed by appellee on September 5, 1931—and the transcript bears an endorsement over the signature of the clerk of this court, showing that it was "filed for writ of error 9-22-31." We find with the record an appeal bond, dated September 22, 1931, with an endorsement over the signature of the Clerk and Master of the Chancery Court of Marion County, purporting to show that it was filed September 23, 1931, but it does not purport to be a bond for a writ of error, and it bears no endorsement indicating that it was at any time approved or filed by the clerk of this court.

However, waiving the apparent absence of a bond for the writ of error and assuming that the act of the clerk of this court in filing the transcript of the record "for writ of error" is sufficient evidence that satisfactory bond was given, the writ of error must be dismissed upon the authority of the case of Crowe v. B. & N. W. Railway Co., 156 Tenn., 349, 1 S. W. (2d), 781. It was there held that appeal and writ of error are alternative remedies and a party cannot resort to both; and therefore a writ of error will not lie on behalf of a party who had theretofore perfected an appeal but had abandoned same.

300

It results that the aforesaid motion of the appellee is sustained and the decree of the Chancellor is affirmed. The costs of the appeal will be adjudged against the appellant and the sureties on her appeal bond of October 25, 1930. The cause will be remanded to the Chancery Court of Marion County for the execution of the decree of that court.

Crownover and DeWitt, JJ., concur.