Ernest P. Cantrell

*v.*

DeKalb County Beer Board.

376 S. W. 2d 480

(*Nashville,* December Term, 1963.)

Opinion filed March 5, 1964.

MILLARD OAKLEY, Livingston, for applicant.

McALLEN FOUTCH, Smithville, for DeKalb County Beer Board.

MR. JUSTICE DYER delivered the opinion of the Court.

In this opinion Ernest P. Cantrell will be referred to as, Applicant and the DeKalb County Beer Board, as the Board.

On 11 May 1962 Applicant, under Sections 57-201 through 57-223, T.C.A., filed application with the Board for a permit to sell beer. The Board, after a hearing, denied the application. On 20 September 1962 applicant filed a petition in the Chancery Court, under Section 57-209, T.C.A. to review this action of the Board. The Chancellor finding Applicant had complied with the law

in every respect reversed the action of the Board ordering the permit issued. The Board has appealed.

Applicant on 18 October 1963 filed in this Court a motion to dismiss the appeal on the ground more than 87 days has elapsed, since this appeal has been perfected and no transcript has been filed in this Court, within 40 days, as required by Rule 6 of this Court. The motion for a new trial was overruled on 29 June 1963. The Board filed, with the Clerk and Master, their bill of exceptions on 19 July 1963 and bond on 22 July 1963. The transcript was filed in this Court on 28 October 1963.

In *Turner v. South Pittsburg Lumber and Coal Company*, 14 Tenn.App. 297 (1931) the Court said:

"In the case of *Ransom v. Carlisle,* 8 Tenn.App. 448, 451, it was held by this court, upon a review of the published opinions of our Supreme Court on the subject, (1) that practically from the beginning of the judicial history of this State it has been the rule that if the appellant failed to bring up the record on appeal within the time provided by law, the appellee may bring it up and have an affirmance of the judgment or decree; (2) that this practice is based on the theory that the appellant by his failure to have the record filed in the appellate court, has abandoned his appeal; (3) that the failure of the appellant to have the record brought up in due time is sufficient evidence that he has abandoned his appeal, and will justify an affirmance of the judgment on the appellee's motion, unless the appellant appear and show that the failure to file the record was due to causes over which he had no control, and had occurred without culpable negligence on his part, and that he had no intention of abandoning

his appeal; and (4) that in the absence of a showing of such 'good cause' by the appellant, the appellee who brings up a record on appellant's failure to do so seasonably, is entitled to an affirmance as a matter of course. 14 Tenn.App. at 298-299.''

The Board has filed a motion to strike the motion to dismiss and attached affidavits by the Clerk & Master and by their Solicitor of record. We are satisfied, from these affidavits, the failure to transmit the record within the required time was not due to any negligence on the part of the Board or their Solicitor, but was due to causes over which the Board and their Solicitor had no control. The motion to dismiss is overruled.

■ The Board filed a demurrer, incorporating it in their answer, as required by Section 27-910, T.C.A. There was no action taken upon the demurrer and the cause proceeded to a hearing upon the merits. Since the demurrer was not disposed of prior to the hearing on the merits, then it is deemed to be waived. *Patterson v. Tate,* 141 Tenn. 607, 213 S.W. 981 (1919); *Boyd v. Sims,* 87 Tenn. 771, 11 S.W. 948 (1889). This is true even though the demurrer by statute is required to be incorporated in the answer. The assignment of error directed to this matter is overruled.

In *Fentress County Beer Board v. Cravens,* 209 Tenn. 679, 356 S.W.2d 260 (1962) this Court speaking through Mr. Justice Felts gave an exhaustive review of the nature of a court review of the actions of county beer boards, under Sections 57-205 and 57-209, T.C.A.

■ Prior to the passage of Chapter 105, Public Acts of 1961, amending Sections 57-205 and 57-209 T.C.A., the scope of review of the actions of a beer board was

limited to a common law writ of certiorari, which limited the review to examination of the transcript of the proceedings made before the beer board, with a determination to be made whether the board had acted fraudulently, illegally or exceeded its jurisdiction. The passage of this 1961 Act made material changes in the scope of review. Now a party aggrieved by the action of a beer board has the sole remedy of having same reviewed, either in the circuit or chancery court, by statutory writ of certiorari, with a trial de novo, as a substitute for an appeal. The provisions of Sections 27-901 through 27-913, T.C.A. are made applicable in connection with such review. Section 27-911 provides the hearing shall be on the proof introduced by the board contained in the transcript and upon such other evidence as either party may desire to introduce; and the trial judge is required to weigh the evidence and determine the facts by a preponderance of the proof.

A "trial de novo" as used in Section 57-209 means the cause is tried as if it originated in the circuit or chancery court. *Odle v. McCormack,* 185 Tenn. 439, 206 S.W.2d 416; *Doster v. State,* 195 Tenn. 535, 260 S.W.2d 279. The trial judge is required to make an independent judgment on the merits, which, as is argued, results in the trial judge substituting his judgment for that of the beer board; but as stated in *Odle v. McCormack,* supra, the courts cannot escape this responsibility, unwelcome though it may be, when the statute commands it.

An applicant seeking a license or permit to sell beer in a county is required to establish, by proof, his application complies with certain conditions and provisions set out in Section 57-205, T.C.A. This statute now requires, if the conditions and provisions therein be met,

a license or permit ''shall'' be issued: which leaves the judgment to be made on the issue of whether or not an applicant, under the proof, has met all the said conditions and provisions.

The case at bar was heard by the Chancellor on the record made before the Board, neither party choosing to introduce any further proof. The proof consists of the application filed with the Board, Applicant's oral testimony and oral testimony of character witnesses. Under this proof the Chancellor found Applicant had complied with all the required conditions and provisions.

■ Under Section 57-209, T.C.A. appeals in these beer cases are directly to this Court, where under Section 27-303, T.C.A. the hearing is de novo accompanied by a presumption of the correctness of the judgment, unless the evidence preponderates against it. The burden here is on the Board to show the evidence does preponderate against the judgment. *Elrod v. Elrod,* 41 Tenn.App. 540, 296 S.W.2d 849; *Roberts v. Ray,* 45 Tenn.App. 280, 322 S.W.2d 435.

■ As noted above all the proof in the record was submitted by Applicant, and though it is sketchy on some points (such as the proposed location where the permit would be used) we cannot say it preponderates against the finding of the Chancellor.

Judgment affirmed.