PAUL MOORE, Appellee,

*v.*

THE MARSHALL COUNTY BEER BOARD, composed of
J. R. DOWDY et al., Appellants.

383 S.W.2d 14.

(*Nashville*, December Term, 1963.)

Opinion filed October 9, 1964.

HENRY & HENRY, Pulaski, SHELBY HAYWOOD, Lewis-
burg, for appellee.

THURMAN THOMPSON, Lewisburg, for appellants.

Mr. Justice White delivered the opinion of the Court.

This is an appeal from the action of the chancellor in directing the Marshall County Beer Board to issue a permit to sell beer in that County.

The facts are that on September 27, 1963, Paul Moore filed an application for a beer permit or a license to sell beer in Marshall County. The Beer Board at its next regular meeting, held at the conclusion of the meeting of the Quarterly County Court, disposed of said application in the following manner:

> Upon motion by R. L. McBride, seconded by George G. Coyle, the Marshall County Beer Board voted unanimously to receive and file, with no action taken, the foregoing application for beer permit.

On October 16, 1963, the said Paul Moore filed a petition seeking the writ of certiorari to review the action of the Marshall County Beer Board "in failing and/or refusing to grant petitioner a permit to engage in the retail sale of beer in Marshall County, Tennessee."

Petitioner says that the application was in proper form and fully complied with the law in all respects and that he was entitled to be issued a permit, but that the Board

met on October 14, 1963 and took no action on such application as shown in the motion hereinabove set out. The petitioner says that "the Board is obviously opposed to the legal sale of beer since it has not issued a permit since 1947, or more than 15 years ago."

Under date of October 16, 1963, the chancellor granted said writ and the Clerk and Master, on the 17th day of October, 1963, sent an order to the Secretary of the Marshall County Beer Board directing it to "send, forthwith, a complete transcript of the proceedings and all papers in connection with the Paul Moore application for beer permit to the Chancery Court * * *."

Under date of January 27, 1964 the defendants, comprising the Beer Board, filed an answer denying that they refused to grant a hearing upon the application of the petitioner at the meeting of the Quarterly County Court in October, 1963.

On February 5, 1964, the County Court Clerk of Marshall County, acting for the Beer Board, certified the original "application for beer permit" and the memorandum attached thereto, showing the action taken by the Beer Board upon the motion heretofore set out. This comprised the entire record of the Beer Board in regard to this matter.

The chancellor rendered a memorandum opinion in which he recited the history of the case as aforesaid, and then said that the case was heard de novo before him on the transcript of the proceedings before the Beer Board, which proceedings consisted only of the application to which was attached a record of the motion aforesaid, the oral testimony of witnesses and exhibits filed thereto.

The chancellor said the proof showed that the petitioner, Dr. Moore, proposed to erect on the north side of U. S. Highway #231, near the intersection of the old Farmington Road, a building according to certain plans and specifications which he exhibited, and that he intended to sell beer in packages and not for consumption on the premises. The chancellor held that the petitioner had complied with the requirements of T.C.A. sec. 57-205 so as to entitle him to a permit when the construction of the building was completed.

The chancellor also held that the Beer Board made no serious claim that Dr. Moore had not complied with the law, although the application did not provide sufficient information on which the Board could act, and the chancellor said:

"When supplemented by the information Dr. Moore could have furnished the board and has furnished in this court, the application is complete."

Specifically, the chancellor held:

"The action of the board in merely voting to receive and file the application and thereby deferring it until an unspecified time must be considered with other facts and circumstances. The proof shows that no beer permits are outstanding in Marshall County. The board has not granted any in at least ten years although a few applications have been received. Certain members of the board testified in this case. It is a fair inference from their testimony that the board feels no permits at all should be issued. One member felt that he could not bring himself to vote for a permit even if the applicant was entitled to it under the law. When the action on Dr. Moore's application is considered in the light

of these facts it is a reasonable conclusion that such action was not based upon any deficiency in his application but upon the opposition of the board to the granting of any permit. His suit was not premature because under the circumstances when his application was deferred in October 1963 he had nothing to look forward to except possibly the ultimate denial of his request.

\* \* \* \* \* \*

"Since Dr. Moore is entitled to a permit under the law it would be an idle ceremony to order the board to conduct a hearing. All it could do is grant a permit."

The chancellor, however, was careful to enjoin the petitioner, Paul Moore, from using said permit until the completion of the construction of the building, substantially complying with the plans filed as exhibits to his testimony.

In *Cantrell v. DeKalb County Beer Board,* 213 Tenn. 568, 376 S.W.2d 480 (1964), we held that a case similar to the instant case comes to this Court for a hearing de novo accompanied by a presumption of correctness of the judgment of the trial court, and further that such judgment will not be disturbed unless the preponderance of the evidence is against the action of the court. In this Court the burden is on the Beer Board to show that the evidence does so preponderate.

We have examined the evidence in the record in this cause and we are of the opinion that the action of the chancellor must prevail. As we have said, there is a presumption that his decree is correct and it will not be overturned unless the evidence preponderates against it.

The memorandum opinion of the chancellor upon which his final decree was based is amply supported by the evidence and we are fully satisfied there is no merit in the contention of the Beer Board in its assignment of error that this case was prematurely brought in Chancery Court, and that the court had a right to entertain and dispose of the application of Dr. Moore for the permit. We believe that the chancellor was correct in his holding that, based upon the facts in this case, it would have been an idle ceremony to have had a hearing before the Board for the reasons more specifically set out in his opinion.

■ Of course, the chancellor did not and we do not pass upon the wisdom of the legislation permitting the sale of beer in Marshall or any other county. These are matters left strictly to the members of the Legislative branch of the government. It is our function to construe and pass upon the law as applied to factual situations. The chancellor discharged his responsibility as a judicial officer, and we think correctly so, on the facts of this case.

His action is affirmed.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.