JESSE BROOKS AND WIFE *v.* JAMES JONES *et al.*

CHANCERY PRACTICE AND PLEADINGS. *Revivor.* Pending a suit in chancery by husband and wife, in right of the wife, she died, and, more than two terms after entry of record to that effect, the court, upon motion of the defendants, ordered the suit to abate as to the wife. The defendants moved afterwards for an order that the suit abate also as to the husband, pending which motion the husband filed a bill of revivor as the personal representative of the wife. *Held,* that he was entitled to revive.

FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. SMITH, Ch.

ROBINSON & MALONEY and W. P. GILLENWATERS for complainants.

R. M. BURTON and R. M. McKEE for defendants.

COOPER, J., delivered the opinion of the court.

Pending this suit, upon a bill filed by Brooks and wife in right of the wife, the wife died. Her death was suggested, admitted and entered of record. After the lapse of two terms the court, upon motion of the defendants, ordered that the suit abate "as to the wife." At a subsequent term, a motion was made to abate the suit as to the husband, but, before the motion was acted on, the husband filed a bill of revivor as the personal representative of the wife, stating, as an excuse for not proceeding sooner, that he had until within the previous two months been disabled by mental and physical ill-health. The defendants moved to ·dismiss the bill of revivor, because such a bill could not be entertained for any cause after· the suit had ·abated by operation of law. The chancellor sustained both motions of the defendants, and the complainant ·appealed.

Upon the death of a plaintiff materially interested in a suit, the suit abates. 2 Dan. Ch. Pr., 1507. By statute, however, in this State the suit does not abate until the second term after the death has been suggested and proved or admitted, and entry to ·that ·effect made of record. Code, sec. 2848. But it was well settled, upon a construction of the statutes in existence before the Code, and substantially brought into that compilation, that if the personal representative appear and ask to revive at any time before the suit is actually abated by order, the revivor will be ·allowed notwithstanding the previous motion to abate.

*Young* v. *Officer,* 7 Yer., 137; *Holland* v. *Harris,* 2 Sneed, 68. This court has said that this was probably the proper construction to be put upon the provisions of the Code. *Churchwell* v. *Bank,* 1 Heis., 782. There is certainly nothing in the language of the Code to change the rule, and we now construe those provisions accordingly. The order abating this suit "as to the wife" did not cover the entire suit. This is conceded by the defendants in making their subsequent motion. In this view, the application to revive was in time.

The conclusion thus reached renders it unnecessary to consider the effect of an order of abatement in a chancery suit under the practice, which has grown up in the courts, of making such an order without any positive warrant for it in the statute, but in furtherance of the right of revivor, at law. *Cobb* v. *Conway,* 1 Tenn., 294; Sto. Eq. Pl., sec. 354.

The chancellor's decree will be reversed and the cause remanded for further proceedings. The defendants will pay the costs of this court.