ODLE *v.* McCormack.

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

440

WALKER & HOOKER, of Nashville, for petitioner, Odle.

ALLISON B. HUMPHREYS, JR. and ROBERT T. KENNERLY, Asst. Attys. Gen., for defendant Com'r.

CECIL SIMS, of Nashville, for intervening petitioners.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case had its origin before the State Commissioner of Insurance and Banking, in which R. Fred Odle's application for a license to write insurance as an agent for the Motor Insurance Corporation was refused. There was a formal hearing by the Commissioner, at which time a number of witnesses testified, including the applicant, and numerous exhibits were filed and made a part of the record. At the conclusion of this hearing, the Commissioner filed an exhaustive, opinion, in which he discussed the facts, rules of his department, and his understanding of the law applicable to the case, and denied the application. Thereupon the said Odle filed

his petition in the Circuit Court of Davidson County pursuant to Subsection (f), Section 1, Chapter 157 of the Public Acts of 1935, Williams' Code, section 6236.27, which reads as follows: "Within thirty days after the revocation or suspension of a license, or after the refusal of a license, the person aggrieved shall have the right to petition the circuit court of Davidson County to require the reinstatement or issuance of said license. Within thirty days after the granting of a license, or the refusal by the Insurance Commissioner to revoke or suspend a license, any person aggrieved thereby shall have the right to petition the circuit court of Davidson County to revoke, suspend or refuse to grant such license; and for the purpose of taking such action persons aggrieved shall include insurance company injured, or competitor injured or threatened with injury by any of the illegal or improper conditions or practices denounced herein. Any issue tried before the Davidson Circuit Court under this section of the Act shall be tried *de novo* in said court. The action in the circuit court of Davidson County shall proceed as a cause in equity."

It is important to note that the petitioner did not pray for the writ of *certiorari* to issue to require the Commissioner to file the record for review. No fiat was granted and no writ of *certiorari*, either common law or statutory, issued, but the case was tried as an independent suit under the foregoing statute.

The averments in the petition were in substance that there was no evidence before the said Commissioner to support his action and that he was entitled to have the license issued to him as a matter of right. The Commissioner filed his answer and with it the record of the proceeding before him and upon which the application was denied. By an intervening petition J. H. Donoho

and others were allowed to become parties in the Circuit Court. The intervening petitioners were and are representing themselves and other insurance agents in Tennessee and their position is that their business interests would be greatly prejudiced by the issuance of a license to Odle and others, representing the M. I. C., because the plan of insurance is unlawful in that it is in effect monopolistic. Other reasons are advanced in support of the Commissioner's action, which, for the present, need not be stated; nor is it important at this time to state all the grounds upon which Commissioner McCormack refused to issue Odle a license. The facts upon which the issues were joined will be discussed later in this opinion.

The Circuit Judge heard the case upon the record filed by the Commissioner and the testimony of W. B. Townsend. It is reasonable to presume that there was a hearing *de novo* and also that it was disposed of as ''a cause in equity'' as provided in the statute. After reviewing the record in a more or less limited way, and citation of authorities, the opinion concludes as follows: ''It is not necessary in this case to pass upon the question of whether this case should be tried and determined in this Court *de novo* since the Court finds that the action of the Commissioner in refusing the license was based upon erroneous, although sincere and conscientious, conclusions of law. It has been necessary, however, to examine the record to the extent required to determine whether the action of the Commissioner finds support in law.

The Commissioner and intervenors duly excepted and all parties prayed and were granted an appeal to the Court of Appeals. That Court reversed the trial court, holding in effect that the proceeding in the court below was to correct errors under the common law writ of *certiorari*. The Court of Appeals disposed of all assign-

444

ments of error, which of course were directed to the opinion and judgment of the Circuit Court, as if there had never been a hearing other than before the State Commissioner of Insurance. One of the important questions made on appeal by the Commissioner was that he was not in error in refusing Odle a license because the plan of insurance by the Motors Insurance Corporation was illegal. This question was pretermitted by the Court of Appeals. It was further held that the Commissioner did not abuse his discretion, and that the trial court's jurisdiction extended only to a hearing under the common law writ of *certiorari*.

Writs of *certiorari* were granted to all parties in interest and the cause was transferred to Knoxville where all questions in controversy were fully discussed by counsel.

While petitioner Odle has assigned numerous errors, the determinative questions under said assignments and also assignments by counsel for the Commissioner and others, involve only three propositions, as follows: (1) whether there was a hearing *de novo* and a trial as "a cause in equity" as contemplated by the Acts of 1935, or a limited hearing and disposition of the case under the common law writ of *certiorari;* (2) was the plan of insurance by the Motors Insurance Corporation legal or illegal, and (3) if legal, was the trial judge in error in directing that the Commissioner issue to Odle a license to do business as an insurance agent?

■ It is the contention of the Commissioner that the proceeding in the instant case and judgment of the Circuit Court were pursuant to Code sections 9008—9018. We think this is a mistaken view. While there is some analogy between hearings under the foregoing sections and the one now before us, we think the rights of the

parties are controlled entirely by Chapter 157, Acts of 1935, Code section 6236.27, *supra*.

These Code sections have no application to the instant case because by Chapter 157 of the Acts of 1935, Code section 6236.27, it is specifically provided that there shall be a hearing *"de novo"* in the Circuit Court of Davidson County and the case proceeded with "as a cause in equity." Instead, therefore, of petitioner Odle proceeding under the common law writ, or under Code sections 9008—9018, he availed himself of the remedy specifically provided under Chapter 157, Acts of 1935. His petition did not even pray for the issuance of a writ of *certiorari*, common law or statutory. Moreover, the issues raised in said petition were not triable in any court except the Circuit Court of Davidson County. The language of the act is clear and understandable and unmistakable that the trial was not under a common law writ of *certiorari*.

What is meant by a trial *de novo*? In *Vinyard* v. *Republic Iron & Steel Co.*, 205 Ala. 269, 87 So. 552, 555, where there was an appeal from a municipal court, the Court in defining *"de novo"* held that the trial is had as though the suit originated in the Circuit Court, "and a new complaint or an amendment to the old, may be filed by the plaintiff, provided it does not exhibit an entire change of parties plaintiff or defendant, and does not show a departure from or change in, the original form of action." See Words and Phrases, Perm. Ed. Vol. 12, p. 71; *Estes* v. *Denver & R. G. R. Co.*, 49 Colo. 378, 113 P. 1005.

In *Prosterman* v. *Board of Dental Examiners*, 168 Tenn. 16, 73 S. W. (2d) 687, 690, the dental board revoked Prosterman's license and thereafter he brought suit in the Chancery Court under Sections 9008—9018 to review the action of the board. The Chancellor dis-

agreed with the board upon two important issues of fact and agreed as to two others. The board's revocation was modified to only a suspension of 30 days. The action of the Chancellor was affirmed by this Court, it being held that the above Code sections "contemplate a trial *de novo.*" It was further pointed out by Mr. Justice CHAMBLISS that "since *Staples* v. *Brown,* 113 Tenn. 639, 85 S. W. 254, the right to a trial *de novo* under the statutory writ has been settled, unless, as in the *City of Nashville* v. *Martin,* 156 Tenn. 443, 3 S. W. (2d) 164, the Legislature has seen fit to restrict the right of appeal." In many cases the right is restricted to a hearing under the common law *certiorari,* as in *Anderson* v. *Memphis,* 167 Tenn. 648, 72 S. W. (2d) 1059, 1060, which involved a controversy as to assessment of property for taxes. In this latter case Mr. Justice SWIGGART construed these Code sections and held they "were intended and are effectual only to prescribe the procedure to be followed in cases of review by *certiorari,* and that they do not have the effect of enlarging the scope of the writ in any case." We refer to the above cases because counsel for the Commissioner cites them as anthority for their contention.

The decision of the Court in *Prosterman's Case* was correct and the same is true of *Anderson* v. *City of Memphis, supra.* We are not in agreement, however, with able counsel for the Commissioner and the intervenors that we are bound by the Court's decision in the *Anderson Case.* The holding of the Court in that case should be confined to its own facts. We are constrained to this view by the opinion of Mr. Chief Justice GREEN in *Savage* v. *Knoxville,* 167 Tenn. 642, 647, 72 S. W. (2d) 1057, 1059. It was there held, "We are satisfied it was not intended by the Legislature in enacting the Code provisions just mentioned (9008-9018) to overturn a long-settled

policy of this state, and throw open the courts to a controversy upon every assessment of property with which a taxpayer disagreed." It is therefore correct to say that these Code sections "do not have the effect of enlarging the scope of the writ" in tax cases.

We have been referred to *Richardson* v. *Reese*, 165 Tenn. 661, 57 S. W. (2d) 797, as authority to sustain the Commissioner's contention that the petitioner's rights are controlled by Code section 908 *et seq.* and that the Courts will only consider the question whether the Commissioner acted arbitrarily, fraudulently, or illegally. In that case the complainant was attacking the validity of Chapter 46 of the Acts of 1925. The present statute which we now have under consideration was not before the Court.

We find no analogy between a hearing such as was had in the instant case and a hearing before the Commissioner of Finance and Taxation involving the issuance or revocation of a liquor license. In all such cases the rights of the parties are controlled by petition for the common law writ of *certiorari.*

The case of *Putnam County Beer Board* v. *Speck*, 184 Tenn. 616, 201 S. W. (2d) 991, upon which counsel for the Commissioner relies, is no authority for the insistence that the remedy in the instant case is solely and exclusively under the common law writ of *certiorari.* In that case it was pointed out that the statute (Chapter 53, sec 3, Acts of 1943), applicable to a review of the rulings of beer boards, specifically provides the exclusive remedy which is the common law writ of *certiorari,* and that Myrtle Speck was not entitled to a hearing *de novo.* The statute under which the present proceeding is being prosecuted expressly provides for a hearing *de novo.*

■ Adverting to the judgment of the trial court, we find there was a hearing *de novo*. The Commissioner filed the entire record made up before him, and in addition oral evidence was introduced. Following this hearing the Court entered his judgment directing that the Commissioner issue petitioner Odle a license to write insurance for the M. I. C. The trial court in his opinion discussed the legal questions involved and also facts bearing upon the moral fitness of Odle, as well as the plan of insurance. Regardless of the Court's opinion as to the Commissioner's error of law, we are warranted in the conclusion that he would not have entered his judgment if the facts justified a finding that the plan of insurance was illegal or that Odle was an unfit person to have a license as an insurance agent. We think the Court of Appeals should have indulged the presumption that said judgment was correct. Williams' Code, section 10622; *McCalla* v. *Rogers*, 173 Tenn. 239, 116 S. W. (2d) 1022, 1024. In the latter case, Mr. Justice COOK, speaking for the Court, held that the decree of the lower court is presumed to be correct, and that where causes are tried according to the forms of chancery the decree shall stand unless ''the Court of Appeals finds that the evidence preponderates against the finding of the Chancellor.'' See also *Hicks* v. *Hicks*, 168 Tenn. 539, 79 S. W. (2d) 802.

We think the learned Court of Appeals was in error in holding that the Court was confined to a determination of the issues under the common law writ of *certiorari* and that the Commissioner did not abuse his discretion. The cases relied on by the respondents, Commissioner and intervenors, and cited by the Court of Appeals, are not controlling since they deal with the Act of 1925. Thus in *Independent Life Ins. Co.* v. *Rod-*

*gers,* 165 Tenn. 447, 55 S. W. (2d) 767, 769, the Chief Justice made special reference to the "act of 1925" as authority for holding that "it clothes the . . . commissioner with attributes similar to those of a court."

In *Insurance Co.* v. *Craig,* 106 Tenn. 621, 62 S. W. 155, 158, also relied on, the Court was considering the license or permit of an insurance company, holding "the act confers upon the insurance commissioner exclusive authority, in the first instance, to grant or refuse the requisite permission to do business in this state," and that he was vested "with large discretionary" functions, etc. But the above decision was released many years (1901) before. the enactment of Chapter 157, Acts of 1935, which we find to be controlling in the instant case.

We are not at all impressed with the argument that Odle's sense of moral responsibility and the facts as to his alleged "untrustworthiness" rendered him an unfit person to be licensed as an insurance agent. Able counsel for respondent Donoho and others have stressed the insistence in this Court, as was done in the lower courts, that he demonstrated his untrustworthiness by making false statements in his application to the effect that he had received no help in filling it out, when in fact he had been given material aid. The Court of Appeals made no response to the assignment of error directed to this issue. The argument is made here that Odle should be looked upon as if he were an embryonic lawyer who had been caught cheating on a bar examination. There is not enough in the record to justify this analogy as being sound. Moreover, the record reveals a contrary view as to Mr. Odle's character. We find repeated statements by Deputy Commissioner of Insurance Young that his moral character and business ability were unquestioned. It is true the Commissioner on page 22 of his opinion states

"that the applicant Odle has demonstrated his unworthiness to act as an insurance agent by having aided the General Motors Acceptance Corporation in the past to illegally operate as an insurance agent in Tennessee . . . when neither had a certificate," etc., and for other reasons relating to the applicant's failure to make complete answers to certain questions.

We think the trial judge decided this issue in favor of Odle and there is ample evidence to support his judgment. There can be no denial of the right of the Commissioner to inquire into the moral character and fitness of agents. The statute, Code section 6139, provides that he shall have power to require specific information of all persons making application for a license. Code section 6236.26 provides that the Commissioner may refuse a license if and when it is determined that the applicant, as the case may be, " (a) has violated any provision of the insurance law; (b) has violated any law in the course of his dealings as an agent; (c) has made a material misstatement in the application for such a license; (d) has been guilty of fraudulent or dishonest practices; (e) has demonstrated his incompetency or untrustworthiness to transact business as an insurance agent; (f) . . . (not applicable to this case); (g) has wilfully over insured any risk in Tennessee; (h) has wilfully misrepresented any policy of insurance or wilfully deceived any person with regard to an insurance policy." Pub. Acts 1935, ch. 157, sec. 1 (e).

There is no evidence whatever in the record that even tends to show that the petitioner has been guilty of any of these acts.

It is further insisted by the Commissioner that Odle should not be issued a license because (1) as agent for the M. I. C. he would be insuring his own property; (2) that

his salesmen of automobiles would be indirectly authorized to write insurance without a license as an agent; and (3) that the plan of insurance is illegal in that it is monopolistic.

The argument is made that when the solicitation of insurance on an automobile is made, it is the property of the dealer, who in the instant case is Odle. We think this is unsound for the reason that when the insurance is effected, the title to the car, if the sale is for cash, has passed to the buyer. If it is a sale with title retained, the title is recognized as being in the General Motors Acceptance Corporation. Only the equitable title is in the purchaser. According to Exhibit "13", the dealer is not named as an assured. Moreover, the retention of title under the laws of this state has been held to be merely security for payment of the price. By the provisions of Chapter 158 of the Acts of 1935, the Commissioner is authorized to revoke an agent's license when he writes insurance upon his own property.

It is next urged upon us that under the M. I. C. operations manual certain salaried employes and others not agents are required to sign a waiver of compensation, etc. (Exhibit "35") and that it is in conflict with Chapter 158 of the Public Acts of 1935. The question is made by the Commissioner that salesmen of the dealer, not agents, would solicit and write insurance. An examination of the record leads to the conclusion that something unlawful is merely anticipated. The answer to this complaint is that all agents are presumed to abide by the laws of the state. The Commissioner is not justified in withholding a license upon a mere belief that perchance a dealer's automobile salesmen may without an agent's license solicit a policy of insurance. It is conclusively shown that the salesman gets no part of the insurance

premium. Moreover, the objection is unsound for the reason that should the M. I. C. seek to operate under the said "Operations Manuel" and commit any act in violation of the insurance laws of this state, the Commissioner has full authority to revoke its license to operate in the state.

In the Insurance Report of 1943, there appears an official ruling that "Every agent must write at least four times as much business for the general public as he writes controlled business. Controlled business means business written for yourself, your employers, your business associates or affiliates, and all relatives nearer than cousins." We find that Official Ruling No. 16 is to the same effect but much broader in scope in that controlled business includes the following who may be related to the insurance agent as "agent, custodian, vendor, bailee, trustee or payee."

We think it is manifest from a reading of the Commissioner's opinion, and the above Ruling No. 16, that his refusal to issue Odle a license is a belief that at some time in the future he will violate this ruling of the department. It is Odle's insistence that he will write no "controlled business" but will write insurance upon every make of car, whether manufactured by General Motors or some other. With great deference to the Commissioner, we cannot hold that he is justified in refusing a license based upon a presumption that the applicant will violate the law or a rule of the Insurance Department. The Court is apparently asked to indulge the same presumption by approving this insistence. The presumption should be indulged that the applicant will not violate any law or reasonable rule.

We must respectfully decline to enter upon a discussion of whether the plan of insurance contemplated

by the M. I. C. is in the public interest since it is not determinative of the questions before us. It is, to say the least, highly controversial.

Contention is made by respondents that if petitioner's right to a hearing *de novo* is sustained the result will be that the Court must substitute its opinion for that of the Commissioner. Conceding this to be true the Court cannot escape its responsibility, unwelcome though it may be, when the statute commands it, as it does in the instant case. The only alternative would be to hold that Code Sec. 6236.27 is meaningless.

Finally, it is insisted that the plan of writing insurance by the M. I. C. is unlawful in that it is monopolistic; that it is in violation of the public policy of the state as outlined in Chapter 244, Public Acts of 1937.

The petitioner Odle says in response that the act has no application inasmuch as neither the General Motors Corporation nor the General Motors Acceptance Corporation is a party to this suit. Contention is further made that the plan has been approved in 39 states, and that the M. I. C. has been licensed to do business in Tennessee since 1940. We pretermit the question of the legality of the plan for the following reason: if the plan of insurance of the M. I. C. is illegal, as counsel for the Commissioner contends, he has it in his power to foreclose every issue presented on this appeal by at once revoking the M. I. C.'s license to write insurance in Tennessee.

The assignments of error of the Commissioner are overruled and petitioner's assignments are sustained. The judgment of the Court of Appeals is reversed and the Circuit Court of Davidson County is affirmed.

All concur.