Al Clifford Ewin, Sr., Plaintiff in Error,

*v.*

A. H. Richardson et al., Defendants in Error.

382 S.W.2d 532.

(*Nashville,* December Term, 1963.)

Opinion filed October 9, 1964.

E. C. Yokley, Nashville, for plaintiff in error.

Robert B. Puryear, III, Nashville, for defendants in error.

Mr. Special Justice Clement delivered the opinion of the Court.

The plaintiff in error, Ewin, made application to the Davidson County Beer Board for a permit to sell beer at his restaurant. He was granted a hearing by the Board on his application on April 3, 1963. At the conclusion of this hearing the Board denied Ewin's application. In so doing, the Board, through its Chairman, stated:

"We think you are a good fellow, so far as we know, but the opposition out there is clear, no one wants to have a beer license issued, and the Board has voted not to issue the permit."

Thereafter, the plaintiff in error, pursuant to T.C.A. sec. 57-209, as amended by Chapter 105, Public Acts 1961, filed a petition for *certiorari* in the Circuit Court of Davidson County. An answer to this petition for *certiorari* was filed by the Beer Board through the Legal Department of the Metropolitan Government of Nashville. A certified transcript of the proceedings before the

Board was filed in the Circuit Court, in accordance with T.C.A. sec. 57-209, as amended.

The cause was heard in the Circuit Court on February 3, 1964, upon the record and testimony submitted before the Beer Board. That Court dismissed the petition for *certiorari,* holding that the Beer Board did have a basis to conclude that the issuance of a permit for the sale of beer by plaintiff in error would interfere with the public health, safety and morals of the community. The Trial Judge continued his findings by stating:

"* * * from all of which it appears to the Court, and the Court so finds and concludes, that the Defendant Board did not act arbitrarily, capriciously, illegally and in excess of its jurisdiction in refusing to issue the petitioner a beer permit."

A motion for new trial was seasonably filed, heard and overruled by the Court, and the appeal to this Court perfected.

Prior to the 1961 amendment to T.C.A. sec. 57-209 (Chapter 105, Public Acts 1961) there was no provision for judicial review of the action of a beer board in refusing a permit and the only review of the action of such a board in revoking a license was by common law writ of *certiorari.* See *State ex rel Camper v. Pollard et al,* 189 Tenn. 86, 89, 222 S.W.2d 374, 376, in which the Court stated:

"This distinction made in the statute between the obtaining of a permit and the revocation of one is logical. Since it is within the power of the State to prohibit entirely the sale of beer, *McCanless, Commissioner v. Klein,* 182 Tenn. 631, 636, 639, 188 S.W.2d 745, it is

neither illogical nor unjust that the State vest in its agent, the beer committee, the authority to determine without a formal hearing whether a given application should be granted. On the other hand, once the application is granted and the applicant has arranged his affairs accordingly, it would be unreasonable and oppressive to permit its revocation without any cause whatsoever.''

By Chapter 105, Public Acts of 1961, T.C.A. sec. 57-209 was amended so as to provide:

"The action of such agency (a Beer Board) in connection with the issuance of any order of any kind, including the revocation of a license or permit or the refusal to grant a license or permit under secs. 57-205, 57-208 and 57-209 [Tennessee Code Annotated] may be reviewed by statutory writ of certiorari, with a trial de novo as a substitute for an appeal, said petition of certiorari to be addressed to the circuit or chancery court of the county in which any such order was issued.''

The distinction between common law *certiorari* and the statutory writ of *certiorari* has long been recognized in this State. The distinction is probably most succinctly stated by the late Chief Justice Grafton Green in *Jones v. State ex rel Juvenile Court,* 139 Tenn. 547, 548, 201 S.W. 760, in the following language:

"It is statutory *certiorari* which will issue in this case, to the end that the case may be tried again upon its merits in the circuit court (*Staples v. Brown,* 113 Tenn. [639] 641, 85 S.W. 254), and not the common-law writ of *certiorari,* which opens for review merely

632

the legality of the action of the inferior tribunal (*Connors v. City of Knoxville,* 136 Tenn. 428, 189 S.W. 870).''

■ The present case was tried in the Circuit Court prior to the decisions by this Court in *Cantrell v. DeKalb County Beer Board,* 213 Tenn. 568, 376 S.W.2d 480, 482, and in *Case v. Carney,* 213 Tenn. 597, 376 S.W.2d 496. In the Carney case, we pointed out that the opinion and decree of the Chancery Court in that case affirmatively showed that the Chancellor did not weigh the evidence before him but simply found that the Board did not act ''illegally, arbitrarily, capriciously and unreasonably'' in refusing to issue the permit. This Court remanded the Carney case to the Chancery Court in which it was tried to the end that the applicant for the permit in that case have a trial *de novo* in conformity with the provisions of T.C.A. sec. 57-209, as amended, and other applicable statutes.

In the present case, the findings of the Trial Judge do not affirmatively show that he weighed the evidence contained in the record before him and tried the matter *de novo* as is now required by law. He merely found that the Board did have a basis upon which to reach the result arrived at by the Board and, in so doing, the Board did not act arbitrarily, capriciously, illegally and in excess of its jurisdiction. This language shows that in this case the scope of the judicial review now afforded by the statute was not had in the Trial Court.

■ In the Cantrell case, we pointed out:

''A 'trial de novo' as used in Section 57-209 means the cause is tried as if it originated in the circuit or chancery court. *Odle v. McCormack,* 185 Tenn. 439,

206 S.W.2d 416; *Doster v. State,* 195 Tenn. 535, 260 S.W.2d 279. The trial judge is required to make an independent judgment on the merits, which, as is argued, results in the trial judge substituting his judgment for that of the beer board; but as stated in *Odle v. McCormack,* supra, the courts cannot escape this responsibility, unwelcome though it may be, when the statute commands it."

█ The fact that, as stated in the Cantrell case, the hearing in this Court is *de novo* accompanied by a presumption of correctness of the judgment, unless the evidence preponderates against it, does not remove the necessity of a trial *de novo* in Trial Court.

The judgment of the Circuit Court is reversed, and the cause remanded to that Court for a trial *de novo* of the issues.