Chris Ray HUNTER, etc., Appellant,

v.

E. C. BOWMAN et al., Appellees.

Supreme Court of Tennessee.

April 5, 1976.

John G. Mitchell, Jr., John S. Lansden, Murfreesboro, for appellant.

William T. Sellers, Smith & Sellers, Murfreesboro, for appellees.

## OPINION

HENRY, Justice.

The controlling question on this appeal is whether proof may be adduced in open court, as opposed to depositions, upon a review by certiorari of the action of a beer board in revoking a beer permit.

It may.

Section 57–209, T.C.A. governs the revocation of beer permits. Among other things, it provides that a review of an order of revocation is "by statutory writ of certiorari, with a trial de novo as a substitute for an appeal." It further provides that "[t]he provisions of §§ 27–901—27–913 shall be applicable in connection with such review."

Section 27–911 provides, *inter alia:*

The hearing shall be on the proof introduced before the board or commission contained in the transcript, and upon such other evidence as either party may desire to introduce; *provided, that all proof shall be taken and filed within seventy-five (75) days from the date upon which the transcript was filed . . . .* (Emphasis supplied).

This provision, having the effect of requiring that proof be taken by deposition, was a part of the Code of 1932 and was adopted by the Legislature without prior legislative sanction. *Hoover Motor Exp. Co. v. Railroad & Public Util. Com'n.,* 195 Tenn. 593, 261 S.W.2d 233 (1953).

In 1932, chancery cases were still being tried on depositions, and this was the "regular", "usual", or "ordinary" method and was "according to the forms of chancery." See, Sec. 556, *Gibson's Suits in Chancery* (Fifth

Ed.1955). In the ensuing forty-four years civil procedure in Tennessee has undergone a wholesome and revolutionary change.

On January 26, 1970, the Court adopted and transmitted to the General Assembly a new and comprehensive set of Rules of Civil Procedure. These rules were adopted by the General Assembly and became effective January 1, 1971.

The advisory commission, the Court as then constituted, and the General Assembly obviously recognized that trial by deposition was a burden upon the justice system, and a costly and outmoded procedure. Accordingly, Rule 43.01 sounded the death knell of this antiquated practice. It provides:

> In all actions at law or in equity the testimony of witnesses shall be taken under oath and orally in open court, except as otherwise provided by these rules, and by T.C.A., Title 24, chapter 9.[1]

We hold that this Rule operates to supersede so much of § 27–911, T.C.A. as provides for taking proof by deposition.

A study of the cases will reveal that the courts have generally ignored this provision and have treated § 27–911, T.C.A. as providing that "the hearing shall be on the proof introduced by the board contained in the transcript and upon such other evidence as either party may desire to introduce", remaining silent on the ensuing proviso relating to depositions. *Cantrell v. DeKalb Co. Beer Board,* 213 Tenn. 568, 572, 376 S.W.2d 480, 482 (1964).

Additionally, our courts have defined "trial de novo" as used in § 57–209, T.C.A., to mean that "the cause is tried as if it originated in the circuit or chancery court." *Ewin v. Richardson,* 214 Tenn. 628, 382 S.W.2d 532 (1964), citing *Cantrell, supra,* 376 S.W.2d at 482.

Most assuredly under our present practice and procedure, a trial originating in the circuit or chancery court is tried on oral testimony adduced in open court and not on depositions.

We caution that this decision is not to be construed as a blanket holding that the Tennessee Rules of Civil Procedure will prevail over seemingly inconsistent provisions of statutory law. In this vital procedural area, having no substantive aspects, we simply hold that it is our belief that the Legislature, by the adoption of the Rules, intended to finally and forever abolish trials by deposition except to the limited extent exempted from the application of the Rule. This holding does not prevent trial on depositions by agreement of the parties or pursuant to Rule 43.07.

The judgment of the trial court is reversed and this action is remanded for a trial *de novo* upon the basis of the record of the testimony before the Beer Board and such other evidence as either party may desire to introduce. This cause will be advanced on the docket and disposed of forthwith.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concurring.

---

1. Section 24–902, T.C.A. permits depositions in civil cases under certain circumstances, none of which are here applicable. Rule 43.07 Tenn. R.Civ.P., authorizes the Court, on motion, or of its own volition, to order the testimony taken by deposition in certain specified cases, or in such other cases as it may deem proper.