IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

# DARRON SMITH v. ED MULLIKIN, Adminstrator Ad Litem of the Estate of KASSIE WILLIAMS, Deceased

**An Appeal from the Circuit Court for Shelby County**
**No. 91411 T.D.   The Honorable D'Army Bailey, Judge**

---

**No. W1999-00105-COA-R3-CV - Decided April 5, 2000**

---

This appeal involves the application of Tenn. R. Civ. P. 25.01.  After plaintiff obtained judgment in general sessions court, defendant appealed to circuit court for a *de novo* trial.  While the case was pending in circuit court, defendant died, and a suggestion of death was duly filed by defendant's counsel.  Upon failure of plaintiff to substitute a party defendant, defendant moved to dismiss the action pursuant to Tenn. R. Civ. P. 25.01(1).  The trial court denied defendant's motion and granted plaintiff's oral motion in open court to dismiss the appeal and to reinstate the general sessions judgment.  Defendant has appealed.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Circuit Court is Vacated; Action Dismissed**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which FARMER, J., and LILLARD, J., joined.

Nathan W. Kellum, Lucinda S. Murray Fones; Memphis, For Appellant, Ed Mullikin, Administrator Ad Litem of the Estate of Kassie Williams, Deceased

Curtis D. Johnson, Memphis, For Appellee, Darron Smith

## OPINION

Defendant, Kassie Williams[1], appeals the order of the trial court denying her motion to

---

[1] Defendant, Kassie Williams, died prior to filing notice of appeal, and notice of appeal was filed and served by her counsel of record pursuant to T.R.A.P. 19 (a).  By order of this Court, filed March 24, 2000, Ed Mullikin Adminstrator Ad Litem of Estate Kassie Williams was substituted as the proper party appellant.

dismiss the action of plaintiff, Darron Smith, and granting plaintiff's oral motion to dismiss the appeal and to reinstate the general sessions judgment.

On July 14, 1997, plaintiff filed this action in the General Sessions Court of Shelby County, Tennessee, seeking damages for personal injuries arising out of an automobile accident which occurred September 27, 1996. After a default judgment was entered, defendant timely appealed to the circuit court for a trial *de novo* and demanded a jury to try the case.

On February 2, 1998, defendant died, and on May 4, 1998, defendant's attorney filed a suggestion of death upon the record and duly served plaintiff's counsel.

On August 17, 1998, defendant filed a motion to dismiss the action for failure to substitute a party defendant pursuant to Tenn.R.Civ.P. 25.01. On December 1, 1998, the trial court entered an order denying defendant's motion which stated "that either party may substitute, and plaintiff was not required to move within the ninety (90) day period." On December 3, 1998, defendant filed a motion for permission to file an interlocutory appeal. Upon a hearing of the motion, the trial court entered an order setting aside the prior order denying the motion to dismiss, instructing that defendant reset the motion to dismiss for a later date.

On February 11, 1999, the trial court entered an "Order Denying Defendant's Motion to Dismiss and Granting Plaintiff's Oral Motion to Dismiss Appeal," which states:

> This cause came on to be heard upon Defendant's Motion to Dismiss the instant action for failure of Plaintiff to move to substitute no later than ninety (90) days after death of Defendant, Kassie Williams, was suggested on the record by counsel of deceased defendant. It is the opinion of the Court that this Motion ought to be denied.
>
> The Court finds that this matter is an appeal from General Sessios, and that the judgment of the General Sessions Court ought to be reinstated upon dismissal of this action. For this reason, the Court grants Plaintiff's oral motion, brought on the day of the hearing, to dismiss the appeal and reinstate the General Sessions judgment. It is the opinion of the Court that the deceased Defendant is required to move to substitute a named defendant.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss is not well-taken and is hereby denied, and Plaintiff's oral motion to dismiss appeal and reinstate the general Sessions judgment is hereby granted.

The only issue on appeal is whether the trial court erred in its disposition of the case.

Pertaining to this appeal, there are no disputed facts. The question before the Court is an issue of law. Therefore, on appeal there is no presumption of correctness of the trial court's decision. ***Billington v. Crowder***, 553 S.W.2d 590, 595 (Tenn. Ct. App. 1977).

Tennessee Rules of Civil Procedure are applicable to civil actions appealed or otherwise transferred to the circuit or chancery courts. Tenn.R.Civ.P. 1. Upon appeal from general sessions court to circuit court, the circuit court case is tried *de novo*. T.C.A. § 16-15-729. In ***Ware v. Meharry Medical College***, 898 S.W.2d 181 (Tenn. 1995), the Supreme Court adopted Judge Koch's dissenting opinion in the Court of Appeals and quoted therefrom as follows:

> De novo appeals from the general sessions courts differ from other types of appellate proceedings. The circuit court does not review the general sessions court's decision. ***Hohenberg Bros. Co. v. Missouri Pac. RR.***, 586 S.W.2d 117, 119 (Tenn. Ct. App. 1979). Rather, it provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court. ***Teague v. Gooch***, 206 Tenn. 291, 296, 333 S.W.2d 1,3 (1960); ***Odle v. McCormack***, 185 Tenn. 439, 445, 206 S.W.2d 416, 419 (1947); **Braveman v. Roberts Constr. Co.**, 748 S.W.2d 433, 435 (Tenn. Ct. App. 1987), Lawrence A. Pivnick, Tennessee Circuit Court Practice, § 3-10, at 115 (3d ed. 1991) ("Pivnick").
>
> > \*          \*          \*
>
> The Tennessee Rules of Civil procedure favor using a single proceeding to resolve all the parties' disputes on the merits. ***Karash v. Pigott***, 530 S.W.2d 775, 777 (Tenn. 1975); ***Quelette v. Whittemore***, 627 S.W.2d 681, 682 (Tenn. Ct. App. 1981). They govern civil actions appealed to the circuit court. Tenn. R. Civ. P. 1. Giving them full effect with regard to de novo appeal from the general sessions courts will not only encourage the parties to select the most appropriate judicial forum but will also avoid multiple proceedings to resolve the parties' disputes when they can be resolved in a single proceeding.
>
> . . .
>
> Accordingly, I would hold that cases appealed from the general sessions court to the circuit court pursuant to Tenn. Code Ann. § 16-15-729 should be treated for all purposes as if they originated in the circuit court.

*Id* at 184, 186.

Tenn.R.Civ.P. 25.01 provides:

Rule 25.01   Death

> (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process.  Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

We find no ambiguity in the rule's statement that "unless the motion for substitution is made not later than 90 days after the death is suggested . . . the action *shall* be dismissed as to the deceased party."  (Emphasis added).  Our Supreme Court recognized the lack of ambiguity in this statement in *Douglas v. Estate of Robertson*, 876 S.W.2d 95 (Tenn. 1994), wherein it stated:

> Rule 25.01 clearly directs the dismissal of an action if no motion for substitution of parties is made within 90 days after suggestion of death upon the record.

*Id.* at 97.  *Douglas*, as in the case at bar, involved a tort action for damages resulting  from an automobile accident.  During the pendency of the suit, the defendant, Robertson, died.  The attorney for the defendant filed a suggestion of death upon the record, and plaintiffs failed to file a motion to substitute the decedent's estate within 90 days of suggestion of death.  Thereupon, the defendant filed a motion to dismiss pursuant to the rule.  However, after defendant filed the motion to dismiss, plaintiff filed a motion to enlarge the time to substitute a party.  The trial court granted this motion at the same time it denied the defendant's motion to dismiss.  The issue on appeal before the Supreme Court was whether the trial judge abused his discretion in allowing the enlargement of time to substitute a party in light of  Tenn.R.Civ.P. 6.02.  The Supreme Court found that there was no such abuse of discretion, stating:

> As noted infra, Tenn.R.Civ.P. 6.02 grants the trial judge wide latitude to enlarge on statutory or rule mandated limitations for the performance of acts required or allowed to be done within a specified time.  Cause must be shown, to which we add the requirement that it must be reasonable cause.  The largesse may be granted even if application is made after the expiration of the specified period allowed to make the request where the failure was the result of excusable neglect.

***Id.*** at 98.

        This Court considered a similar issue in ***Wagner v. Frazier,*** 712 S.W.2d 109 (Tenn. Ct. App. 1986). In ***Wagner***, the plaintiff died while a decision on the amount of damages was pending. When no action was taken to substitute the proper parties as plaintiffs within the 90 days after the suggestion of death, defendants filed a motion to dismiss pursuant to Tenn.R.Civ.P. 25.01. After the motion to dismiss was filed, the administratrices of plaintiffs' estate filed two motions, one to substitute themselves as plaintiffs, and, two, for an extension of time beyond the 90 days allowed by Rule 25.01 for filing the motion for substitution. Defendants opposed the motion, and the chancellor granted the motions for extension of time and for substitution, and overruled the motion to dismiss. On appeal, this Court stated as to this issue:

            So far as we can tell, the precise question in this case has not been decided in Tennessee since the adoption of the Rules of Civil Procedure in 1971. However, decisions under prior law may be helpful. Under prior law the suit was subject to abatement when the second term had passed after the death of a party had been suggested and proved or admitted. T.C.A. § 20-604 [repealed]. But the right to revive the action continued to any time before an actual order of abatement had been made and entered on the record. ***Churchwell v. Bank of East Tennessee***, 48 Tenn. 780 (1870). The revivor could be allowed after two terms had passed even though a motion to abate was pending. ***Brooks v. Jones***, 73 Tenn. 244 (1880).

            In general the above cases are in line with the decisions in the federal courts that have construed Rule 25(a) of the Federal Rules of Civil Procedure. The federal rule is almost identical to our Rule 25.01. Each says that the action "shall" be dismissed if ninety days pass after the death of a party is suggested on the record without a motion for substitution having been made. Notwithstanding this language in Rule 25(a), most of the federal courts considering the problem have held that Rule 6(b)(2) of the Federal Rules of Civil Procedure allows the courts to enlarge the time for making substitution beyond the time set in Rule 25(a) even if the motion is made after the ninety day period has run. ***Staggers v. Otto Gerdau Company***, 359 F.2d 292 (2nd Cir. 1966); ***Blair v. Beech Aircraft Corp.,*** 104 F.R.D. 21 (1984); ***Tatterson v. Koppers Co.,*** 104 F.R.D. 19 (1984). The latitude allowed by Rule 6(b)(2) however, is subject to the requirement that the failure to move within the time allowed be a result of "excusable neglect." ***Farrington v. Benjamin***, 100 F.R.D. 474 (1984); ***Urban v. Talleyville Fire Co.***, 732 F.2d 147 (3rd Cir. 1984).

            Since federal rule 6(b)(2) is identical to 6.02(2)

Tenn.R.Civ.P., we think our Rule 25.01 should be construed to allow substitution of parties after the ninety day period has run if the failure to move within the period is the result of excusable neglect. As is generally true, the kind of excuse that will satisfy this requirement is a function of the length of time that has passed and the possible harm to the opposite party. In this case where the suit had been fully tried and the parties were awaiting a decision from the court and the motion was made eight days after the ninety day period had run, we think the mere oversight of the plaintiff is excusable.

*Id.* at 113.

From a review of Rule 25.01 and the decisions in ***Douglas*** and ***Wagner***, we conclude that failure to comply with the rule as to the motion for substitution mandates dismissal of the action unless the trial court, in the exercise of its discretion pursuant to Tenn.R.Civ.P. 6.02, extends the 90-day period for "excusable neglect." In the case before us, the plaintiff has not made any effort to substitute a proper party defendant, nor has the plaintiff sought any enlargement of time within which to do so.

There is a distinct difference between a dismissal of an appeal and dismissal of an action. *See Katz v. Bilsky*, 759 S.W.2d 420, 422 (Tenn. Ct. App. 1986). The record reveals no justification for dismissal of the appeal and the reinstatement of the general sessions judgment. Rule 25.01 explicitly provides for the dismissal of the action as to the deceased party when no substitution is made.

Therefore, on the state of the record before us, the judgment of the trial court is vacated. Plaintiff-appellee's action is dismissed, and costs of the appeal are assessed against the appellee, Darron Smith.