IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 19, 2008

## METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE v. WALTER CUOZZO

Appeal from the Circuit Court for Davidson County
No. 05C-3309      Thomas W. Brothers, Judge

_____

No. M2007-01851-COA-R3-CV - Filed August 25, 2008

_____

Walter Cuozzo ("the defendant") was found guilty of traffic violations in general sessions court. He appealed to circuit court but failed to comply with a local rule that provides "an appellant [on an appeal from general sessions court] has forty five (45) days to secure a trial date from the court." Because of this failure, the circuit court dismissed the defendant's appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY and SHARON G. LEE, JJ., joined.

Walter Cuozzo, Old Hickory, Tennessee, appellant, pro se.

Andrew D. McClanahan and Kevin C. Klein, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County, Tennessee.

## OPINION

### I.

On August 25, 2005, the defendant was charged by a Metropolitan Police Department officer with obstructing a traffic lane and disobeying a lawful order of a police officer. The defendant signed the citation form, acknowledging receipt of the citation. The alleged violations occurred in the southbound traffic lane of Gallatin Road at or near its intersection with Briley Parkway. The defendant claims in his brief that he stopped his vehicle in order to advise the officer of the possible presence of a dead body lying along the side of the highway. At a hearing in the Davidson County General Sessions Court on October 20, 2005, the defendant was found guilty of both charges. The

defendant subsequently pursued a *de novo* appeal to the Davidson County Circuit Court ("the trial court").

In connection with his appeal, the defendant received a document from the trial court entitled "NOTICE TO APPELLANT." The document, dated October 25, 2005, reflects the following instruction appearing in bold letters:

> As the Appellant, it is your responsibility to take the necessary steps to have this case set on the docket within 45 days of its arrival in Circuit Court[.]

The notice further provided that

> [i]f the case is not set within 45 days of its arrival in Circuit Court, an order will be entered making the judgment of the General Sessions Court the judgment of the Circuit Court with costs taxed to the appellant. This is in accordance with Local Rule 20(b). You will receive no additional notice when the case arrives in Circuit Court.

The appeal was lodged in the trial court on October 28, 2005.

On December 8, 2005 – 41 days after the case's "arrival in Circuit Court" – the defendant filed a motion to dismiss the charges or for summary judgment and a separate motion to set the case for trial. He failed, however, to notice the Metropolitan Government ("Metro") for a hearing on his motions. About three weeks later, the defendant, proceeding pro se, contacted counsel for Metro by email to discuss his case. At that time, Metro's counsel advised the defendant in a responsive email as follows: "If you plan to press on with your appeal, you need to call the clerk's office and set a time for your motions to be heard and send me notice thereof." However, the defendant failed to set either of his motions for a hearing and otherwise failed to obtain a date from the court for a hearing on his appeal.

On May 3, 2007 – more than one year and six months after the appeal was filed – the trial court entered an order dismissing the defendant's appeal because the case had not been set for trial within 45 days of the appeal being filed in the trial court as required by Rule 20(b) of the Local Rules of Practice for the Circuit Court, Chancery Court, Criminal Court, and Probate Court of Davidson County ("Local Rule 20(b)"), which rule provides as follows:

> Once the warrant being appealed is received by and filed with the Circuit Court Clerk, the appellant has the duty to set the appeal for a hearing before a trial judge. The appellant has forty five (45) days to secure a trial date from the court. This time is counted from the date the Circuit Court Clerk files the appealed warrant. If the appellant fails to secure this order within the 45 day time period, an order will

be entered making the judgment of the General Sessions Court the judgment of the Circuit Court with costs taxed to the appellant. At the time the appeal is perfected in the Clerk's office, the clerk shall give the appellant or the appellant's attorney written notice of this rule.

In response to the order of dismissal, the defendant filed a motion to alter or amend. Following a hearing on the matter, the trial court entered an order on June 29, 2007, denying the motion. The court further ordered that the defendant's appeal be dismissed. The court specifically found that the defendant understood the requirements of the notice he received "because [he] filed a motion to set within 45 days." The court's order held that the defendant "failed to set his Motion to Set for hearing letting his appeal remain idle for nearly one year and six months, which constitutes a classic case of failure to prosecute." The defendant then filed this appeal.

II.

The defendant raises five issues, which taken verbatim from his brief, are as follows:

1. [Simultaneously] with filing the Motion to set Trial Date, R 10, the defendant filed a Motion to Dismiss/Summary [Judgment] outlining why this case should not proceed which went unanswered and undenied therefore should have been granted under TRCP 8.04 and (local rule) LR 26.04g.

2. The local rule cited for dismissal has controlling settled law by this court citing 2 additional cases from this jurisdiction and a State Statute TCA 16-15-729 which prohibits dismissal based on technicalities or procedures and mandates that the case be heard on its merits/facts.

3. Application of the rules were bias[ed] and prejudicial against the defendant and only applied to him. See issue # 1 and LR 26.05 (R 31, 33) where the prosecutor could have and [in my opinion] should have set the date at anytime he wanted including but not limited to responding to issue # 1.

4. It can reasonably [be] argued that the city has the responsibility in a de novo trial to prosecute their case as the defendant has no case he wishes to prosecute and no charges to defend against.

5. The defendant was in compliance with rule 20 as he was told it meant when he timely filed his Motion to Set and decided by this

Court in Pieny v United Imports which cited 2 other Appellate Court cases from this jurisdiction and TCA 16-15-729.

III.

A dismissal pursuant to Local Rule 20(b) is analogous to a default judgment under Tenn. R. Civ. P. 55.01 or involuntary dismissal for failure to prosecute under Tenn. R. Civ. P. 41.02(1), as the purpose of Local Rule 20(b) is to assure that cases appealed from general sessions court to circuit court are tried with dispatch. **Crom-Clark Trust v. McDowell**, No. M2005-01097-COA-R3-CV, 2006 WL 2737828, at *2 (Tenn. Ct. App. M.S., filed September 25, 2006). *See* **Sellers v. Anderson**, No. 01A01-9703-CV-00114, 1997 WL 653914, at *2 (Tenn. Ct. App. M.S., filed October 22, 1997). The trial court's decision to dismiss this case pursuant to Local Rule 20(b) is subject to review under an abuse of discretion standard. Under the abuse of discretion standard, a trial court's ruling should be upheld if reasonable minds could disagree as to the propriety of the decision made. **Summers v. Cherokee Children & Family Services, Inc.**, 112 S.W.3d 486, 530 (Tenn. Ct. App. 2002) (citing **Eldridge v. Eldridge,** 42 S.W.3d 82, 85 (Tenn. 2001)). A trial court abuses its discretion only when it applies an incorrect legal standard or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining. **Summers**, 112 S.W.3d at 530. The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. **Id.** The burden of establishing an abuse of discretion is on the party seeking to overturn the trial court's ruling on appeal. **Id.** (citing **Ballard v. Herzke**, 924 S.W.2d 652, 659 (Tenn. 1996)).

IV.

A.

The defendant first asserts that he was entitled to dismissal or summary judgment in this case pursuant to Tenn. R. Civ. P. 8.04 and Local Rule 26.04(g). He argues it was Metro that was in default for not answering his motion to dismiss because a "non answer is a non defense or an admission that the motion is true." The defendant contends that if the trial court was going to make any ruling sua sponte it should have been to grant the motion to dismiss, as that motion was the only pleading actually before it.

Tenn. R. Civ. P. 8.04 provides that averments in a pleading to which a responsive pleading is required are deemed admitted if not denied in a responsive pleading. However, when no responsive pleading is filed, the opposing party must invoke the default judgment procedures in Tenn. R. Civ. P. 55 rather than wait until trial and then invoke Tenn. R. Civ. P. 8.04. **Smith v. Smith**, 643 S.W.2d 320, 323 (Tenn. 1982); **Story v. Lanier**, 166 S.W.3d 167, 182-83 (Tenn. Ct. App. 2004). Local Rule 26.04(e) provides as follows:

> Responses to motions, including counter-affidavits, depositions, briefs or any other matters presented in opposition to motions, must

-4-

> be filed with the clerk's office by the close of business on the Monday before the Friday *on which the motion is to be heard*.

(Emphasis added.) Under Local Rule 26.04, motions are routinely granted if unopposed. *See **State ex rel. Pope v. Xantus Healthplan of Tenn., Inc.***, No. M2000-00120-COA-R10-CV, 2000 WL 630858, at *12 (Tenn. Ct. App. M.S., filed May 17, 2000). Since the defendant's motion to dismiss was unopposed, the defendant argues that the trial court should have granted it.

The defendant's argument lacks merit because he failed to follow the local rules requiring that he set a hearing date on his motions. Because no hearing date was set, the time for Metro to file a response to his motion was never triggered. Accordingly, the defendant was not entitled to have his motion to dismiss granted pursuant to Local Rule 26.04. His contention under Tenn. R. Civ. P. 8.04 fails because he did not invoke the default judgment procedures pursuant to Tenn. R. Civ. P. 55. The defendant is not entitled to relief pursuant to Tenn. R. Civ. P. 8.04 or Local Rule 26.04(g).

B.

The defendant's second issue asserts that Tenn. Code Ann. § 16-15-729 and ***Pieny v. United Imports, Inc.***, No. M2004-01695-COA-R3-CV, 2005 WL 2140853 (Tenn. Ct. App. M.S., filed September 6, 2005), prohibit dismissal of his appeal. Tenn. Code Ann. § 16-15-729 (Supp. 2007), provides as follows:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

In ***Ware v. Meharry Med. Coll.***, 898 S.W.2d 181, 184 (Tenn. 1995), the Tennessee Supreme Court noted as follows:

> De novo appeals from the general sessions courts differ from other types of appellate proceedings. The circuit court does not review the general sessions court's decision. *Hohenberg Bros. Co. v. Missouri Pac. R.R.*, 586 S.W.2d 117, 119 (Tenn. Ct. App. 1979). Rather, it provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court. *Teague v. Gooch*, 206 Tenn. 291, 296, 333 S.W.2d 1, 3 (1960); *Odle v. McCormack*, 185 Tenn. 439, 445, 206 S.W.2d 416, 419 (1947); *Braverman v. Roberts Constr. Co.*, 748 S.W.2d 433, 435 (Tenn. Ct.

App. 1987); Lawrence A. Pivnick, Tennessee Circuit Court Practice, § 3-10, at 115 (3d ed. 1991) ("Pivnick").

Thus, Tenn. Code Ann. § 16-15-729 requires that cases appealed from general sessions court to circuit court be treated as though they originated in the circuit court, thereby allowing amendments to the pleadings, the action, and the parties. *Ware*, 898 S.W.2d at 184-185.

However, the defendant's appeal was not dismissed because of an "informality" contemplated under Tenn. Code Ann. § 16-15-729. The statute does not abrogate a circuit court's authority to dismiss an appeal for failure to comply with a rule of procedure like Local Rule 20(b). Trial courts have clear authority to adopt local rules of practice to supplement the Tennessee Rules of Civil Procedure. Tenn. S. Ct. R. 18(a); Tenn. Code Ann. §§ 16-2-511, 16-3-407 (1994). Further, they have broad authority to control their dockets and the procedures in their courts. *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003). Tenn. Code Ann. § 16-15-729 does not suspend the court's ability to enforce a procedural rule designed to insure that appellants from general sessions court pursue their appeals in an expeditious manner. Under the facts of this case, the defendant failed to obtain a trial date within 45 days after perfecting his appeal from general sessions court. He allowed his case to languish for over 18 months. We hold that the trial court properly acted within its sound discretion when it entered its order dismissing the defendant's case. The action dismissing the defendant's appeal pursuant to Local Rule 20(b) does not run afoul of Tenn. Code Ann. § 16-15-729.

The defendant argues that our decision in *Pieny v. United Imports, Inc.*, 2005 WL 2140853 (Tenn. Ct. App. 2005), supports his position in this case. We disagree. In *Pieny*, the trial court addressed an appeal from general sessions court in which the appealing party had filed a motion to set within 45 days of the appeal being filed in circuit court but had failed to secure a trial date during the same 45-day period. *Id*. at *1. The trial court dismissed the appeal because of this failure. In reversing the trial court, we relied in *Pieny* upon our decision in *May v. Woodlawn Memorial Park, Inc.*, No. M2001-02945-COA-R3-CV, 2002 WL 31059223 at *2 (Tenn. Ct. App. M.S., filed September 17, 2002) in which we noted that

> it would fly in the face of justice to require that the matter actually be set within the forty-five (45) day period prescribed by Local Rule 20(b). Such a holding could open the rule to abuse and contravene the purpose behind the *Tennessee Rules of Civil Procedure*.

*Pieny*, 2005 WL 2140853 at *4. In the case now before us, the defendant failed, for some 18 months, to set his motion for a hearing as required by the local rule. In *Pieny*, we took issue with the trial court's belief that the appeal had to be set within the critical 45-day period. Our holding in *Pieny* has no bearing whatsoever on the facts now before us.

-6-

C.

The defendant next asserts that the application of the rules was biased against him and that Metro should have set the date for the hearing on his motions and the trial of his appeal. The defendant relies on Local Rule 26.05(a), which provides as follows:

> Docketing of a motion will be complete upon filing the motion with the Chancery, Probate and Circuit Court Clerks, provided it contains notice of a hearing date. If no hearing date is requested upon the filing of the motion, either counsel may file a notice of hearing for a previously filed motion and serve opposing counsel and/or party.

The defendant's argument fails because he has made no showing that the rules were applied in a biased fashion against him. He asserts that Metro should have set his motion to dismiss for hearing and his appeal for trial for him, implying that the rules of procedure should not apply to him since he was proceeding pro se. This contention is without merit. The trial court could not excuse the defendant from complying with the same substantive and procedural rules that Metro was expected to observe. *See Hessemer*, 138 S.W.3d at 903; *Hodges v. Attorney General*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000). Pro se parties are not excused from complying with the applicable substantive and procedural law. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). They must follow the same procedural and substantive law as the represented party. *Id.* Pursuant to Local Rule 20(b), the defendant had the duty to secure the trial date for his appeal. Under this Rule, Metro had no duty to set either of the defendant's motions for hearing.

D.

Lastly, the defendant essentially argues that he complied with Local Rule 20(b) by filing the motion to set. We disagree.

The dismissal of a case for failure to comply with Local Rule 20(b) is analogous to granting a default judgment. Default judgments are not favored, and thus Tenn. R. Civ. P. 55.02 permits trial courts to set aside default judgments in accordance with Tenn. R. Civ. P. 60.02(1). *See Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). When deciding whether to set aside a default judgment, courts should construe the rules liberally and should set the default aside whenever there is a reasonable doubt about the justness of dismissing the case before it can be heard on its merits. *See Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866-67 (Tenn. 1985). The courts should focus principally on whether the default was willful, whether the non-defaulting party's ability to present his or her claim will be prejudiced, and whether the defaulting party has a colorable defense to the claim. *See Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991).

The circumstances in this case do not favor granting the defendant any relief. He was aware of, and had notice of, his duty to secure the trial date for his appeal. He may not have known, at the

time of the filing of his motion to set on December 8, 2005, that he also needed to schedule that motion for hearing. However, upon contacting counsel for Metro, he was advised that he needed to contact the clerk's office to set the motion for a hearing. He then neglected his appeal for over 18 months. His neglect of the appeal demonstrates a total lack of concern for the appeal he initiated.

In his brief, the defendant quotes the rule indicating that the trial court was to provide him "an entirely new trial as if no other trial had occurred," and argues therefore that unless Metro brought the case before the court, "there is no case." The defendant claims that the "burden of proof" is on Metro "to accuse and prove that an offense has been committed." He asserts that "the trial court is without jurisdiction and authority to uphold a prior 'judgment' that according to [Tenn. Code Ann. § 16-15-729] never happened." These statements of the defendant support the conclusion that he perhaps purposefully and willfully neglected his appeal, possibly unmindful that a dismissal of the appeal would make the general sessions judgment the judgment of the trial court. In any event, the defendant's arguments miss the mark because the trial court's duty to conduct "an entirely new trial" does not come into play unless the defendant takes the necessary steps to pursue his appeal. This he did not do.

Any claim by the defendant that he wanted to pursue his appeal seems disingenuous considering the 18 months of neglect. The defendant was only stirred to action by the trial court's sua sponte dismissal of his appeal. Under the facts of this case, dismissal of the appeal was an act within the discretion of the trial court.

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Walter Cuozzo. This case is remanded to the trial court for collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE